## JAMES J. BORDERS ET AL.
### v.
## THE PEOPLE, FOR USE, ETC.

*Administration—Bond—Action on—Partition—Failure to Intervene in Proceedings Touching Intestate's Estate—Evidence.*

Although not a party, it is the duty of an administrator who is aware, or who might have known by the exercise of reasonable diligence, of the pendency of proceedings touching the sale of property in which his intestate possessed an interest, to intervene therein, to the end that the proceeds of such interest should be turned over to him in order to secure payment of the debts of the estate.

[Opinion filed March 1, 1889.]

IN ERROR to the Circuit Court of Randolph County; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. JOHN MICHAN and R. J. GODDARD, for plaintiffs in error.

Mr. H. CLAY HORNER, for defendant in error.

REEVES, J. This is a suit on an administrator's bond brought by a creditor of the estate.

Plaintiff in error, James J. Borders, was, in November, 1882, by the County Court of Randolph County, appointed administrator *de bonis non* of the estate of Louisa Dial. Isaac Dial, the husband of Louisa, was first appointed administrator of her estate, and James J. Borders was the security upon his bond. Isaac died in November, 1882, and thereupon Borders was appointed as above stated.

In the early part of 1882, the heirs of one Perry Roberts instituted proceedings in the Circuit Court of Randolph County to partition certain lands in which Louisa Dial, at the time of her death, held an undivided one-fifth interest. To this proceeding Isaac Dial was made a party defendant as the

husband of Louisa. He filed an answer in which he set up
the fact that he was administrator of the estate of Louisa Dial,
and that the personal estate would be insufficient to pay the
debts of her estate, and asked, upon final hearing, that the
rights of creditors might be protected in said lands. The
lands being found not susceptible of division were sold under
decree of the court, and the money realized from the sale dis-
tributed; the share of Louisa Dial was paid to her heirs. In
the matter of the estate, it was admitted on the trial in the
court below, that after payment of all claims except the
seventh class, there was a balance of the personal estate of
$47.73. The seventh class of claims amounted to $727.30, of
which $307.31 was allowed to Delia Gibson. It appears that
after the death of Isaac Dial and appointment of James J.
Borders as administrator, the partition suit was lost sight of
by the administrator, and the money realized from the parti-
tion sale, which should have been paid to the administrator of
Louisa Dial, was paid to her heirs. After this distribution in
1884, Borders, as administrator of Louisa Dial, and R. H.
Mann, administrator of Peter and Barnett Roberts (whose
estates also had an interest in the Roberts land that was sold
under the partition sale), joined in a proceeding in the Circuit
Court of Randolph County to subject the interest of Louisa
Dial in said land to the payment of the debts of her estate,
and also to subject the interest of Peter and Barnett Roberts
in same land to the payment of the debts of their estates.

The defendant to this proceeding was George Bollinger,
who had purchased the lands at the partition sale, and upon
his demurrer the bill was dismissed.

Subsequently plaintiff in error, Borders, as administrator,
filed a petition in the County Court of Randolph County
against said Bollinger to subject the interest formerly owned by
Louisa Dial in said lands to the payment of the debts of her
estate, and upon demurrer the petition was dismissed, and
upon appeal by Borders to the Circuit Court the action of the
County Court was affirmed.

It should be observed, in the decree of sale in the partition
proceeding, the master was ordered to bring the money into

court to be distributed to the parties entitled thereto under the direction of the court. It need hardly be said, if the proper application had been made by the administrator of Louisa Dial, the proceeds of the partition sale that belonged to her would have been ordered paid to him; at least so far as necessary to pay the debts of her estate. It is, however, contended that Borders was not in any way made a party to the partition proceeding, and was therefore not bound to take any steps in the case. This contention can not be sustained. Even though the administrator was not made a party it was his duty, if he knew, or by the exercise of reasonable diligence could have known, the fact that the suit was pending, to have intervened in the case and had the proceeds of the sale that belonged to his intestate turned over to him so far as necessary to pay the debts of the estate. Starr & C. Ill. Stats., Chap. 3, Sec. 58. It satisfactorily appears that plaintiff in error knew of the partition proceeding, and that the lands had been sold in that proceeding by the master; for the evidence establishes the fact that he was quite intimate'y acquainted with the affairs of the family of his intestate and drew from the master a portion of the proceeds of the sale on an order from one of the heirs.

Complaint is also made that the Circuit Court admitted improper testimony over the objection of defendants. The case was tried without a jury, and without stopping to inquire whether the complaint above stated is well founded or not, there was enough testimony of the admissibility of which no question is made, to warrant the finding of the Circuit Court.

It is conceded there was money enough in the hands of the master, which would upon application have been ordered paid to the administrator, to pay in full all the debts of the estate of Louisa Dial.

The administrator should have made such application. He failed and neglected to do so. For this negligence we think he is clearly liable. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*